IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RAY MORGAN,

        Plaintiff,

   v.

JIM SIGEL ENTERPRISES, INC.,

        Defendant.

No. 1:13-cv-1509-PA

**ORDER**

**PANNER, District Judge:**

    Plaintiff brought employment discrimination claims under the Americans with Disabilities Act (ADA) and the analogous Oregon statute. At trial, this court and the jury found against Plaintiff on all of his claims.

    Defendant now moves for an award of attorney's fees and costs. I deny fees and costs.

1 - ORDER

## DISCUSSION

### I. Attorney's Fees Under the ADA

Defendant argues it is entitled to attorney's fees under the ADA because it is the prevailing party. This court has discretion under the ADA to award attorney's fees to the prevailing party. See, e.g., Hubbard v. SoBreck, LLC, 554 F.3d 742, 743 (9th Cir. 2009) (citing 42 U.S.C. § 12205). But when the prevailing party is the defendant, as here, this court may award attorney's fees only if the plaintiff's ADA claims were "'frivolous, unreasonable, or without foundation.'" Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). The prevailing defendant "bears the burden of establishing that the fees for which it is asking are in fact incurred solely by the need to defend against those frivolous claims." Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 971 (9th Cir. 2011).

In its brief, Defendant makes no attempt to show Plaintiff's ADA claims were frivolous. I denied Defendant's motion for summary judgment, which is "evidence that the claim is not without merit." Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636, 645 (9th Cir. 1999). Merely losing at trial does not show a civil rights claim is frivolous. See EEOC v. Bruno's Rest., 13 F.3d 285, 287 (9th Cir. 1993). I deny Defendant's

2 - ORDER

request for attorney's fees under the ADA.

## II. Costs and Litigation Expenses Under the ADA

Defendant seeks costs and "litigation expenses," which under the ADA include items not generally allowed as costs such as travel expenses. The same standard that limits this court's discretion to award attorney's fees to prevailing civil rights defendants also applies to costs and litigation expenses under the ADA. See Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001). Because Plaintiff's claims were not frivolous, unreasonable, or without foundation, I deny Defendant's request for costs and litigation expenses under the ADA.

## III. Attorney's Fees Under the Oregon Statutes

Defendant seeks attorney's fees under Oregon law, citing Or. Rev. Stat. § 659A.885(1), which authorizes the court to "allow the prevailing party costs and reasonable attorney fees at trial and on appeal." But under Oregon law, just as under federal law, "prevailing *defendants* generally cannot recover attorney fees unless they can show that the plaintiff brought a claim in bad faith or asserted a frivolous, unfounded, or objectively unreasonable claim." Hamlin v. Hampton Lumber Mills, Inc., 227 Or. App. 165, 168, 205 P.3d 70, 72 (2009) (original emphasis).

I deny Defendant's request for attorney's fees under Oregon law for the same reasons I deny attorney's fees under federal law. I also deny Defendant's request for $200 in compensatory

damages under Oregon law.

## IV. Costs Under the Oregon Statutes

Oregon requires that its disability discrimination statutes be construed consistently with the ADA "to the extent possible." Or. Rev. Stat. § 659A.139. Because federal law does not allow costs here, I conclude Oregon law also does not allow costs.

Even assuming, for purposes of this motion, Oregon would allow costs to a prevailing defendant under these facts, I would deny costs. The Ninth Circuit has concluded preemption barred an award of attorney's fees under California law to a prevailing defendant because the ADA would not allow such an award on a parallel federal claim brought by the same plaintiffs. See Hubbard v. SoBreck, LLC, 554 F.3d 742 (9th Cir. 2009). In Hubbard, the Ninth Circuit concluded, "to the extent that [the California statute] does authorize the award of fees to a prevailing defendant on nonfrivolous [state disability discrimination claims] that parallel nonfrivolous ADA claims, there is a conflict and the ADA preempts [the California statute]." Id. at 747. Because the ADA links awards of attorney's fees with awards of costs, Hubbard's reasoning applies here. Defendant is not entitled to costs under either state or federal law.

## CONCLUSION

Defendant's Motion for Award of Attorney's Fees (#87) and

4 - ORDER

Bill of Costs (#88) are denied.

   IT IS SO ORDERED.

   DATED this **30** day of September, 2014.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER